J-S71013-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| MELVIN ANTHONY HERNANDEZ | |
| Appellant | No. 3621 EDA 2015 |

Appeal from the PCRA Order October 28, 2015
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0000042-2013

BEFORE:  BOWES, PANELLA AND FITZGERALD,* JJ.

MEMORANDUM BY BOWES, J.:                **FILED OCTOBER 19, 2016**

Melvin Anthony Hernandez appeals *pro se* from the denial of PCRA relief.  We affirm.

In this criminal action, Appellant was charged with robbery, burglary, aggravated assault, theft by unlawful taking, receiving stolen property, attempted unlawful restraint, and conspiracy to commit robbery. On June 5, 2013, Appellant tendered an open guilty plea to aggravated assault and conspiracy to commit robbery.  The underlying facts are as follows:

> The charges stemmed from a brutal attack that occurred at the Hamilton Tower apartment building in Allentown, Pennsylvania, on November 18, 2012.  That night, appellant and an unidentified accomplice forcibly entered Apartment 315, savagely beat its 46-year-old occupant and demanded that he give them everything he had.  During the attack, appellant and the other robber tied the victim to a chair, attempted to slit his throat with a folding knife, stabbed him in the torso with a

* Retired Senior Judge assigned to the Superior Court.

screwdriver, hit him with a miniature baseball bat and repeatedly punched him in the face and head. After leaving the scene, appellant was arrested by police as he stepped from the apartment elevator. He was covered in blood and was holding the victim's x-box video system. Appellant had other property of the victim in his pockets. When the police entered Apartment 315, they found the badly injured victim, blood, the implements used to restrain and assault the victim and a bag left behind by the attackers filled with the victim's personal property. The victim was taken to the hospital where he was treated for a broken nose, orbit fractures, a cut to his neck, a large blunt force injury to his torso, and other abrasions and contusions. The victim had reconstructive surgery on the right eye [and another surgical procedure scheduled]. As a result of the attack, the victim has short-term memory loss, severe headaches, significant vision problems and depression for which he treats with a therapist.

Trial Court Opinion, 9/8/14, at 1-2.

On July 23, 2013, Appellant was sentenced to ten to twenty years in jail on the aggravated assault offense, which was the statutory maximum sentence and exceeded the recommended guideline ranges, and he received an aggravated range sentence on conspiracy of seven and one-half to fifteen years incarceration. The sentences were ordered to be imposed consecutively, for an aggregate term of seventeen and one-half to thirty-five years imprisonment. Appellant did not file a direct appeal, but his direct appeal rights were reinstated pursuant to a timely-filed PCRA petition. On appeal, we rejected challenges to the discretionary aspects of the sentence and affirmed. *Commonwealth v. Hernandez*, 121 A.3d 1142 (Pa.Super. 2015) (unpublished memorandum).

On June 5, 2015, Appellant filed a timely petition for PCRA relief, and counsel was appointed. Counsel thereafter moved to withdraw and filed a no-merit letter. On October 1, 2015, counsel was granted leave to withdraw, and the PCRA court thereafter issued notice of its intent to dismiss the PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. After Appellant filed objections to the notice, the PCRA petition was dismissed, and this timely *pro se* appeal followed. Appellant raises these averments:

> I. Did the PCRA court err as a matter of law when it dismissed appellant's PCRA petition as frivolous?

> II. Does Appellant's sentence violate the Pennsylvania and United States Constitution(s) and **Alleyne v. United States**?

Appellant's brief at 4.

Initially, we observe that this Court reviews the "denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." **Commonwealth v. Roane**, 142 A.3d 79, 86 (Pa. Super. 2016) (quoting **Commonwealth v. Treiber**, 121 A.3d 435, 444 (Pa. 2015)). Herein, while Appellant purports to present two distinct claims, they actually pertain to the identical position. Appellant first asserts that the PCRA court's finding of frivolity was erroneous since his sentences are illegal based on the holding of the Supreme Court of the United States in **Alleyne v. United States**, 133 S.Ct. 2151 (2013), which held that any fact, other than a prior conviction, that is used to invoke a mandatory minimum sentence must be submitted to a jury and found beyond a reasonable doubt.

- 3 -

Appellant's brief at 8. Appellant's second averment is that he was sentenced under a mandatory minimum statute infirm under **Alleyne**. **Id**. at 9.

There is a critical flaw in Appellant's invocation of **Alleyne**. Our review of the sentencing transcript confirms that no mandatory minimum sentence was invoked or applied in this case. Indeed, none was even mentioned. Instead, the court imposed sentence after consideration of a pre-sentence report, the guidelines, impact statements from the victim and his sister, and Appellant's allocution. Its sentence was premised upon the fact that Appellant: 1) was a member of a notorious gang and sold drugs to support himself; 2) was on parole when the crime occurred; 3) committed "a number of misconducts in the prison," including one involving an assault; 4) admitted during the pre-sentence investigation that he perpetrated "other crimes for which he was never caught by the authorities;" 5) confessed to the pre-sentence investigator that he killed a number of animals, including dogs and cats; 6) engaged in a similar assault in the past; 7) used "weapons[,] . . . [a] screwdriver, a knife, a rope or nylon cord" during the assault at issue; and 8) had no employment history. N.T. Sentencing, 7/23/13, at 23-25. The court also weighed the serious impact that the crime had on the victim and that Appellant and his accomplice evidenced a callow disregard as to whether the victim lived or died. **Id**. at 25-26.

Significantly, in his appellate brief, Appellant fails to indicate which mandatory minimum sentence he believes was applied. He suggests that,

during sentencing, the court considered that he committed "an **armed** and violent crime and pursuant thereto invoked a minimum sentence that" violates *Alleyne*, *supra*.  Appellant's brief at 10 (emphasis in the original). Appellant is mistaken. The court never mentioned that Appellant was armed since he was not.  Rather, it correctly noted that Appellant used weapons consisting of a screwdriver and knife on his victim.  Moreover, it did not apply a mandatory minimum sentencing provision.  Sine Appellant's *Alleyne* claim fails, the PCRA court did not commit an error in dismissing Appellant's petition.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/19/2016